# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEE RUSSELL,

    Plaintiff,

v.                                                                    CASE NO: 8:16-CV-912-T-30JSS

CITY OF TAMPA, FLORIDA,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Extension to Take Two Depositions Outside the Discovery Period (Dkt. 32) and Defendant's Response in Opposition (Dkt. 35). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

## DISCUSSION

On April 15, 2016, Plaintiff Dee Russell, a former employee of Defendant The City of Tampa, filed an action against the City for unlawful retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, as amended ("ADA") and the Florida Civil Rights Act of 1992, §760.01, Florida Statute, *et seq.* ("FCRA").

Plaintiff was employed at the City as a Solid Waste Collection Driver during the relevant time. At some time during his employment, Plaintiff was diagnosed with a medical condition that allegedly limited one or more of his major life activities. On July 30, 2013,

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that the City failed to reasonably accommodate his disability. On March 13, 2014, Plaintiff filed, *pro se,* a lawsuit under the ADA for disability discrimination against the City. Plaintiff was still employed by the City at the time he filed his *pro se* lawsuit.

On December 18, 2014, during the pendency of his *pro se* ADA lawsuit against the City, Plaintiff was involved in an accident involving the City's solid waste truck. Specifically, while waiting in the queue at the McKay Bay transfer station to unload debris from City vehicle #1240, Plaintiff exited the vehicle to speak to another driver. According to Plaintiff, he believed he had pulled the parking brake prior to exiting the vehicle. However, while he was talking to the other driver, the vehicle began moving forward, went over a speed bump, and struck the vehicle in front of it, causing approximately $6,800 in damages. The accident did not result in any injuries. Plaintiff repeatedly told the police officers who arrived at the accident scene and the City, during its subsequent investigation of the accident, that he had set the brake.

In May 2015, the City terminated Plaintiff's employment. The City's stated reason for terminating Plaintiff was Plaintiff's violation of the City's policy on "Moral Turpitude." According to the City, video footage of the accident revealed that Plaintiff exited the vehicle without setting the parking brake. The City concluded that Plaintiff had intentionally lied to the City when he repeatedly maintained throughout the investigation and grievance process that he had pulled the parking brake.

Plaintiff alleges in this lawsuit that the City terminated his employment because he participated in protected activity, i.e., the filing of his *pro se* lawsuit against the City on March 13, 2014, and, more specifically, the taking of the deposition of Solid Waste Director Mark Wilfak on April 1, 2015. It appears that the crux of Plaintiff's retaliation claim is premised on the timing of Wilfalk's April 1, 2015 deposition (that was allegedly very "heated") and Plaintiff's May 7, 2015 termination—according to Plaintiff, these two events are causally related.

Relevant to the instant motion, the discovery deadline in this case was June 26, 2017. On June 21, 2017, Plaintiff filed his motion seeking an extension of the discovery deadline to take two depositions. Plaintiff states that, on June 14, 2017, the City produced documents—one of the documents was an e-mail dated May 5, 2015, from the City's Director of Human Resources, Kimberly Crum, to David Goodman, the Captain of the Tampa Police Department, attaching the Notice of Disciplinary Action related to Plaintiff. The Notice of Disciplinary Action provided notice of Plaintiff's May 7, 2015 pre-disciplinary hearing. Plaintiff's counsel seeks to depose Crum for a second time and Goodman (who Plaintiff's counsel was unaware of prior to the receipt of the e-mail) to ask them about the e-mail, i.e., learn why Crum sent the attached Notice of Disciplinary Action to Goodman.

Plaintiff's counsel concedes that they have always been aware that a plainclothes police officer was present at Plaintiff's May 7, 2015 pre-disciplinary hearing. The officer did not participate in the hearing. Notably, Goodman was not that officer. Nevertheless, Plaintiff's counsel would like to directly question Crum and Goodman about the e-mail.

On June 28, 2017, the City filed its response in opposition asserting several arguments. The City points out that Plaintiff has always been aware that a plainclothes police officer was present at the disciplinary action and never pursued any discovery regarding this individual. The City also notes that Plaintiff has taken extensive discovery from the City in this case as follows:

- July 29, 2016 - Plaintiff's First Request for Production
- July 29, 2016 - Plaintiff's First Set of Interrogatories
- May 9, 2017 - Plaintiff's Second Request for Production
- May 9, 2017 - Plaintiff's Second Set of Interrogatories
- May 19, 2017 - Plaintiff's Third Request for Production
- May 24, 2017 - Plaintiff's Fourth Request for Production
- May 24, 2017 - Plaintiff's Third Set of Interrogatories.

In addition, Plaintiff requested public records related to this case on May 19, 2015, and in June 2017, and has conducted nine depositions. The City argues that further discovery is not warranted because questioning Crum or Goodman about the subject e-mail, which has nothing to do with Plaintiff's retaliation claim, would not lead to the discovery of relevant evidence at this late stage.

The City also contends that Plaintiff's motion is moot because Crum and Goodman would testify about what Plaintiff already knows, i.e., that the City was providing Goodman notice of Plaintiff's pre-disciplinary hearing so that Goodman would assign a plainclothes police officer to attend the hearing. The City states that after Plaintiff's June 21, 2017

motion was filed, Plaintiff took the depositions of Kiana Romeo, Solid Waste Residential Services Superintendent (on June 21, 2017), Daryl Stewart, Solid Waste Chief of Operations (on June 22, 2017), and the City's corporate representative (on June 23, 2017), and asked them about the e-mail. These individuals testified that having law enforcement at a pre-disciplinary hearing is not uncommon, particularly when termination is possible, and where safety concerns about the employee have been raised. In Plaintiff's case, there were concerns about Plaintiff's hostility towards one of the employees involved in the pre-disciplinary hearing. The City was also aware that Plaintiff had a concealed weapons permit.

Upon consideration of the parties' arguments, the Court denies Plaintiff's motion because Plaintiff has not established good cause to re-open discovery. The record reflects that deposing Crum and Goodman about the e-mail would not lead to the discovery of relevant evidence because the subject e-mail has nothing to do with Plaintiff's retaliation claims; rather, it was sent so that Goodman would assign a plainclothes police officer to attend Plaintiff's pre-disciplinary hearing. Notably, it is axiomatic that the City's police department played no role in the City's termination of Plaintiff. It is also axiomatic that the City's police department and Goodman, specifically, were not involved in Plaintiff's *pro se* ADA lawsuit against the City.

The additional discovery would also be cumulative. Plaintiff has always known that a plainclothes police officer was present at his disciplinary hearing—having Crum or Goodman confirm that would offer nothing new. Plaintiff has taken extensive discovery in this case and could have sought discovery related to the identity of the plainclothes officer

and asked that individual directly why he or she was present at the hearing prior to the close of discovery.

Defendant's argument that the request for additional discovery is moot is also well-taken. Since Plaintiff filed his motion, Plaintiff has learned that a plainclothes officer was requested to attend the hearing because that was the City's protocol under the circumstances. Of course, it bears repeating that none of this evidence is particularly relevant to the claims in this case.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension to Take Two Depositions Outside the Discovery Period (Dkt. 32) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record